United States District Court
Southern District of Texas
**ENTERED**
May 21, 2020
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| KAMAL S. KADI, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-cv-00962 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| AUTUMN CHACE | § | |
| HOMEOWNERS' | § | |
| ASSOCIATION, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Plaintiff Kamal S. Kadi sues his homeowners' association and its parent for damages exceeding one billion dollars. He proceeds here *pro se*. The Court has indulged him in this regard and construed his pleadings liberally, holding his letters and complaints to less stringent standards than formal pleadings drafted by lawyers. See *Coleman v United States*, 912 F3d 824, 828 (5th Cir 2019), citing *Erickson v Pardus*, 551 US 89, 94 (2007).

Without specifying an exact claim, Kadi describes a history of litigation over a prior lien placed on his residence and a subsequent foreclosure action. See generally Dkt 21. He also alleges other incidents that he asserts were caused by Defendants, including a prior arrest. Id at 2.

This action was dismissed without prejudice for failure to establish subject-matter jurisdiction. Minute Entry of 02/06/2020. Kadi was allowed to replead by March 8, 2020. He submitted an undesignated pleading one day late on March 9, 2020. Dkt 43. The Court construed this as an attempt to replead his claims and directed Defendants Autumn Chace Townhomes Owners' Association, Inc. and Creative Management Company to respond. Dkt 44.

Now before the Court is a renewed motion by Defendants to dismiss for lack of subject-matter jurisdiction. Dkt 45. Kadi responded by letter. Dkt 46. This response included an assertion that Creative Management Company is a Georgia corporation, which the Court interpreted as an attempt to assert diversity jurisdiction. Dkt 46 at 1.

The parties were ordered to provide evidence in support of Creative Management's citizenship. Dkt 47. Neither complied. The Court now turns to the merits of the motion to dismiss.

Federal courts are ones of limited jurisdiction. *Texas v Travis County, Tex*, 910 F3d 809, 811 (5th Cir 2018). Generally speaking, they may only adjudicate claims that arise under the United States Constitution, present a question of federal law, or involve diversity of citizenship. 28 USC §§ 1331, 1332; see also Charles Wright and Arthur Miller, *Federal Practice & Procedure*, ¶ 3651 (4th ed 2020). This jurisdictional limitation is "inflexible and without exception." *Xitronix Corp v KLA-Tencor Corp*, 916 F3d 429, 435 (5th Cir 2019), quoting *Steel Co v Citizens for a Better Environment*, 523 US 83, 94–95 (1998).

The reviewing court may consider the complaint, undisputed facts in the record, and the court's resolution of disputed facts when determining its jurisdiction. *Morris v Thompson*, 852 F3d 416, 419 (5th Cir 2017), citing *Ramming v United States*, 281 F3d 158, 161 (5th Cir 2001). It is the plaintiff's burden to establish jurisdiction where contested. Ibid.

Defendants designate their motion under Rule 12(b)(1) as a "facial attack" to the sufficiency of the pleaded allegations of jurisdiction. Dkt 45 at 4, citing *Paterson v Weinberger*, 644 F2d 521, 523 (5th Cir 1981). They argue that the allegations of the amended complaint do not establish subject-matter jurisdiction. Dkt 45 at 4, citing *Hobbs v Hawkins*, 968 F2d 471, 475 (5th Cir 1992). They also assert that the repleaded claims contain no facts specifying a proper jurisdictional basis in federal court. Id at 4–5.

Defendants are correct. The amended complaint does not affirmatively assert any causes of action appearing to arise under either federal law or the United States Constitution. See Dkt 43. It also doesn't sufficiently allege diversity jurisdiction.

2

This Court only has diversity jurisdiction under § 1332 if complete diversity of citizenship exists between the parties. For example, see *Fermin v Priest of St. Mary – Marfa, Tex*, 775 Fed App'x 162, 162 (5th Cir 2019) (unpublished); see also *Jones v 24 Hour Fitness USA Inc*, 2020 WL 1429742, *1 (SD Tex). There is no dispute that Autumn Chace Townhomes Owners' Association is a Texas nonprofit corporation. Kadi shares this Texas citizenship, and so complete diversity is lacking in this case. The citizenship of Creative Management Company is immaterial.

Defendants also brought their motion under Rule 12(b)(6) for failure to state a claim. The Court declines to address those issues.

All claims against Defendants are DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

SO ORDERED.

Signed on May 21, 2020, at Houston, Texas.

Hon. Charles Eskridge
United States District Judge